IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HENDRIST FIGUEROA        * | |
|     Petitioner, | |
|                   * | |
| v. | CIVIL ACTION NO. WDQ-07-2147 |
|                   * | |
| STATE OF MARYLAND[1] | |
|     Respondent.      * | |

**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Hendrist Figueroa, an inmate at the Eastern Correctional Institution, challenging his 2002 guilty plea in the Circuit Court for Prince George's County, Maryland to second-degree murder. Respondents, by their counsel, have moved to dismiss the petition as time-barred. Upon review of the pleadings, exhibits and applicable law, the Court finds a hearing unnecessary and the Petition untimely. The Petition will be dismissed by separate Order.

**Procedural Background**

Petitioner pleaded guilty to second-degree murder on June 24, 2002, and was sentenced to serve twenty years in prison on September 24, 2002. Petitioner's application for leave to appeal the entry of his plea and sentence was summarily denied by the Court of Special Appeals of Maryland on May 16, 2003. The mandate issued on June 16, 2003.

Petitioner filed a petition for post-conviction relief in the Circuit Court for Prince George's County on March 21, 2005. The Circuit Court denied relief on April 9, 2007. Petitioner filed an

---

[1] The Court is mindful that Petitioner is a pro se litigant and has construed the Petition liberally. *See Haines v. Kerner* 404 U.S. 519, 520 (1972) In a §2254 petition, the proper respondent is the state officer who has custody of Petitioner. *See* Rule 2(2), Rules Governing Section 2254 Cases in the United States District Courts. Kathleen Green, who is Warden of the Eastern Correctional Institution where Petitioner is confined, is the proper party respondent. The Court will instruct the Clerk to amend the docket accordingly.

application for leave to appeal the Circuit Court's ruling which is pending before the Court of Special Appeals of Maryland. Petitioner filed the instant § 2254 petition for federal habeas corpus relief on August 8, 2007.[2]

**Statute of Limitations**

A one-year statute of limitations applies to federal habeas petitions challenging state convictions. *See* 28 U.S.C. §§ 2244(d),[3] 2254. This one-year period is tolled while properly filed

---

[2] For the purpose of assessing the timeliness of the Petition under 28 U.S.C. § 2254(d), the Court will assume the Petition was delivered to prison officials on the date he signed it. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998) (applying the "mailbox rule").

[3] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

**Analysis**

Petitioner's conviction became final for the purpose of running the one-year limitations period when the Court of Special Appeals issued its mandate on June 16, 2003. *See Cianos v. State*, 338 Md. 406, 407 (1995) (order granting or denying application for leave to appeal from guilty plea not reviewable by Court of Appeals by way of certiorari). There were no state post-conviction or other collateral review proceedings pending between June 16, 2003, and March 21, 2005, a period over twenty-one months and well in excess of one-year. Consequently, the petition is untimely.

Petitioner asserts in his Reply that equitable tolling is warranted here because he was not assigned counsel "to explain to me what my legal options were at the time." He cites his limited understanding of English and access to the legal library as additional grounds for equitable tolling.

To be entitled to equitable tolling, a petitioner must establish extraordinary conduct beyond his control or external to his own conduct caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418

---

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(2005); *Rouse*, 339 F.3d at 246.

Petitioner's lack of understanding of the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). To the extent Petitioner blames his delay in filing on the absence of counsel, there is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). Since Petitioner has no right to counsel in a federal habeas proceeding, lack of counsel cannot serve as a basis for equitable tolling. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Petitioner's general assertion of limited access to the prison law library is also unavailing. Complaints by inmates concerning the adequacy of prison libraries do not amount to extraordinary circumstances. Further, Petitioner fails to demonstrate the steps he took to diligently pursue his remedies or specify how the alleged deficiencies hindered his efforts to timely file his claim. In short, Petitioner has not shown that he was prevented from timely filing by extraordinary circumstances beyond his control or external to his own conduct. *See Rouse*, 339 F.3d at 246.

Similarly, Plaintiff's proffered lack of familiarity with English does not amount to a rare or exceptional circumstance. Inability to speak or read English is common to many incarcerated persons, and does not warrant equitable tolling. *See e.g. Zinsou v. Dretke*, 2004 WL 2381243, * 1, 4:04cv566-A (N.D.Tex. Oct. 22, 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)), (the inability to read and speak English is not in itself a sufficient basis for equitable tolling)); *Ortega- Espinoza v. Blackletter,* 2006 W.L. 1277564 (D. Or. 2006) (refusing equitable tolling where illiterate Spanish-speaking petitioner was denied assistance with filing his petition); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec.13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling); *United States v.*

*Teshima-Jiminez*, No. CRIM. 97-087, 1999 WL 600326 at *2 (E.D.La. Aug.5, 1999) ("lack of legal research material and assistance" and "little English spoken" in petitioner's prison not "rare and exceptional circumstances" to justify equitable tolling).

**Conclusion**

Absent any grounds to apply principles of equitable tolling, the Court will dismiss the Petition as time-barred by separate Order.

<u>November 21, 2007</u>　　　　　　　　　　　　<u>　　　　　/s/　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge